IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01445-GPG

NICHOLAS J. TRUJILLO,

    Plaintiff,

v.

EL PUEBLO BOYS AND GIRLS RANCH, and
CATHY BOTTOM,

    Defendants.

ORDER OF DISMISSAL

    Plaintiff, Nicholas J. Trujillo, is a prisoner in the custody of the Colorado Department of Corrections. Mr. Trujillo initiated this action by filing *pro se* a "Complaint/Civil Lawsuit" (ECF No. 1). On August 3, 2015, he filed on the proper form a Prisoner Complaint (ECF No. 4) pursuant to 42 U.S.C. § 1983 claiming his rights were violated a number of years ago while he was in the custody of the Division of Youth Corrections at the El Pueblo Boys and Girls Ranch. On August 5, 2015, Magistrate Judge Gordon P. Gallagher ordered Mr. Trujillo to show cause why this action should not be dismissed as barred by the statute of limitations. On October 23, 2015, after being granted two extensions of time, Mr. Trujillo filed a letter (ECF No. 15) in response to Magistrate Judge Gallagher's show cause order.

    Mr. Trujillo has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Therefore, the Court must dismiss the action if Mr. Trujillo's claims are frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). A legally frivolous claim is one in which the

plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  For the reasons stated below, the Court will dismiss the action as legally frivolous.

The Court must construe the Prisoner Complaint and other papers filed by Mr. Trujillo liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se* litigant.  *See id.*

Mr. Trujillo alleges in the Prisoner Complaint that he was sexually assaulted by Defendant Cathy Bottom, his assigned therapist at the El Pueblo Boys and Girls Ranch.  According to Mr. Trujillo, he was fourteen years old when the sexual assaults began in 2002, the assaults continued until 2005, he has been in prison since shortly after the assaults occurred, and he currently is twenty-seven years old.

The statute of limitations is an affirmative defense.  *See* Fed. R. Civ. P. 8(c)(1).  However, dismissal under § 1915 on the basis of an affirmative defense is permitted "when the claim's factual backdrop clearly beckons the defense."  *Fratus v. DeLand*, 49 F.3d 673, 676 (10th Cir. 1995).  Thus, the Court may dismiss a claim *sua sponte* on the basis of an affirmative defense if the defense is "obvious from the face of the complaint"

and "[n]o further factual record [is] required to be developed in order for the court to assess the [plaintiff's] chances of success."  *Yellen v. Cooper*, 828 F.2d 1471, 1476 (10th Cir. 1987).

"Congress did not establish a statute of limitations or a body of tolling rules applicable to actions brought in federal court under § 1983."  *Board of Regents v. Tomanio*, 446 U.S. 478, 483 (1980).  Therefore, the Court must borrow "the state law of limitations governing an analogous cause of action."  *Id.* at 483-84.  In most § 1983 actions, "a state statute of limitations and the coordinate tolling rules" are "binding rules of law."  *Id.* at 484.

The applicable statute of limitations for a § 1983 claim in Colorado is two years.  *See Blake v. Dickason*, 997 F.2d 749, 750-51 (10th Cir. 1993).  "Although state law determines the applicable statute of limitations period, federal law governs the particular point in time at which a claim accrues."  *Kripp v. Luton*, 466 F.3d 1171, 1175 (10th Cir. 2006).  Under federal law, a § 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action."  *Id.* (internal quotation marks omitted).

Mr. Trujillo's claims are premised on events that occurred between 2002 and 2005 and he alleges facts that demonstrate he was aware of his injuries when they occurred.  Because Mr. Trujillo waited approximately ten years before initiating this action on July 8, 2015, the affirmative defense of the statute of limitations is obvious on the face of the complaint.

Mr. Trujillo argues in his response to Magistrate Judge Gallagher's show cause

order that the Court should not dismiss this action as time-barred because there is no statute of limitations for the crime of sexual assault on a child in Colorado, he has mental health issues, he has been afraid to assert his claims while he is in prison because prison inmates do not like other inmates who file lawsuits, and he was ignorant of the law and his rights when he was assaulted. The Court is not persuaded.

The Court notes initially that Colorado's statutory tolling provision applicable to "a minor under eighteen years of age" is not applicable in this action. *See* Colo. Rev. Stat. §§ 13-81-101, 103. Although Mr. Trujillo alleges he was a minor when he was sexually assaulted, the record before the Court indicates he turned eighteen in December 2005.

Next, the state statute of limitations for the crime of sexual assault on a child is not relevant to the claims for damages Mr. Trujillo is asserting in this action pursuant to § 1983. As noted above, § 1983 claims in Colorado are subject to a two-year statute of limitations. *See Blake*, 997 F.2d at 750-51.

The Court will address Mr. Trujillo's other arguments in the context of equitable tolling. The State of Colorado recognizes the doctrine of equitable tolling to suspend a statute of limitations period "when flexibility is required to accomplish the goals of justice." *Morrison v. Goff,* 91 P.3d 1050, 1053 (Colo. 2004) (internal quotation marks omitted). Thus, equitable tolling of a statute of limitations is appropriate "when plaintiffs did not timely file their claims because of 'extraordinary circumstances' or because defendants' wrongful conduct prevented them from doing so." *Id.* However, "statutes of limitations compel litigants to pursue their claims in a timely manner." *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1099 (Colo. 1996). Therefore, even if Mr. Trujillo alleges facts

that demonstrate extraordinary circumstances or wrongful conduct that prevented him from filing a claim, he also must allege facts that demonstrate he diligently pursued his claim when possible.   *See id.* at 1097.   "[W]hen the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute."   *Aldrich v. McCulloch Properties, Inc.,* 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980).

Mr. Trujillo fails to allege specific facts that demonstrate equitable tolling of the statute of limitations is appropriate.   He does not allege any wrongful conduct by Defendants that prevented him from filing a claim and his fear of violence while imprisoned and ignorance of the law are not extraordinary circumstances that prevented him from pursuing his claim in a timely manner.   Mr. Trujillo's vague and conclusory reference to mental health issues also does not demonstrate the existence of extraordinary circumstances that prevented him from pursuing his claim in a timely manner because he fails to allege specific facts regarding the nature of his mental health issues and how they have prevented him from seeking relief for approximately eight years.   Mr. Trujillo also fails to allege specific facts that demonstrate he has pursued his claim diligently.

To summarize, Mr. Trujillo fails to allege the existence of specific facts that demonstrate equitable tolling is appropriate in this action.   Therefore, the action is barred by the statute of limitations and will be dismissed as legally frivolous.   The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of

appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).   If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.   Accordingly, it is

ORDERED that the complaint, the amended complaint, and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this   16th   day of    November        , 2015.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court